Anthony R. Strauss – SBN 72842
Bruce P. Crary – SBN 158942
Michael A. Strauss – SBN 246718
**STRAUSS LAW GROUP, A Professional Corporation**
1484 E. Main St., 2nd Floor
Ventura, California 93001
Telephone (805) 641.9992
Facsimile (805) 641.9993
mas@strausslawgroup.com

Attorneys for Defendants Visual Concepts LLC,
Cecelia Alemania, and Priscilla Becker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM FIELDS, an individual,<br><br>               Plaintiff,<br><br>       v.<br><br>VISUAL CONCEPTS, LLC, a California Corporation; PRISCILLA BECKER, an individual; CECELIA ALEMANIA, an individual; and DOES 1-100, inclusive,<br><br>               Defendants. | No.  2:09-cv-02455-R (JWJ)<br><br>(Ventura County Superior Court Case: 56-2009-00338620-CU-OE-VTA)<br><br>Hon. Manuel L. Real, Courtroom 8<br>Los Angeles Courthouse – Spring Street<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiff Tim Fields and Defendants Visual Concepts, LLC, Priscilla Becker and Cecelia Alemania may possess confidential information in the form of trade secrets, proprietary information, and other private, privileged, and/or technical information, including information related to the subject matter of this litigation.  The parties expect that some such information will be disclosed during the course of this litigation.  The parties desire to limit disclosure and prevent the use of such information for the purposes other than the prosecution

and defense of this action.  In addition, confidential information may be produced by non-parties.  This [Proposed] Protective Order and Stipulation ("Protective Order") shall govern any documents, material, item, testimony, information, or thing filed with or presented to the Court or produced, served, generated or obtained during the discovery process or otherwise obtained in connection with this litigation, including but not limited to, entry onto land or premises and inspection of books, records, documents and tangible things.  The parties hereby stipulate and agree to the following terms of a protective order regarding confidential information, and respectfully request that the Court enter this Protective Order.

**DEFINITIONS**

1.      Information may be designated as "CONFIDENTIAL INFORMATION" under this Protective Order if it is confidential, proprietary or technical in nature and is of value to the designating party or if it constitutes private information relating to a party hereto.

2.      For the purposes of this Protective Order, "CONFIDENTIAL INFORMATION" means all originals and copies of documents in paper or electronic form and other material or information not generally available to the public that a party to this action or a non-party believes in good faith contains confidential or proprietary technical, business or personal information.   Any information derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent such derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.   By way of example, and not limitation, CONFIDENTIAL INFORMATION may include trade secrets or confidential research, inventory and unreleased products, current production processes in effect and future plans, sales, costs, profit/losses, financing, billing, business or strategic plans, marketing plans or assessments, market forecasts, new product ideas or developments, and technical information relating to design, development, manufacture, assembly, marketing, and sale of products or services, test and system operation data, or other confidential information related to competitive bidding.

3.      The term CONFIDENTIAL INFORMATION shall include all information, documents and things incorporating or reflecting CONFIDENTIAL INFORMATION

1   including, without limitation, copies, drafts, summaries, compilations, abstracts, notes,
2   derivatives, photographs, negatives, blow-ups, exhibits, communications in written or oral
3   form, and similar things.

4          4.      The parties agree that, they will not designate any document or testimony as
5   CONFIDENTIAL INFORMATION unless they believe in good faith that the information so
6   designated satisfies the criteria set forth in this Protective Order.

7          5.      The parties agree that to the extent that information is designated as
8   CONFIDENTIAL INFORMATION, the fact of such designation shall not constitute an
9   express or implied waiver of any attorney-client or work product privilege with respect to such
10  information.

11                              **QUALIFICATION**

12         6.      No item shall qualify for protection as CONFIDENTIAL INFORMATION if
13  such item: (a) is disclosed in a printed publication available to the public or trade by reasons of
14  dissemination by one having the right and authorization to do so; (b) is generally known
15  throughout the trade and public; (c) is independently developed by the receiving party, or
16  comes to be known to the receiving party through means not constituting breach of any
17  proprietary or confidential relationship or obligation or breach of this Protective Order; (d) is
18  lawfully in the receiving party's possession prior to the disclosure unless the party's previous
19  lawful receipt of the information is subject to an obligation of non-disclosure; or (e) is lawfully
20  received at a later date by the receiving party from a non-party who has the right or
21  authorization to make such a disclosure.  Further, CONFIDENTIAL INFORMATION shall
22  not be construed to cover items obtained by a party independently of this litigation, when the
23  item was obtained lawfully and without any obligation of confidentially to a third party.

24                              **DESIGNATION**

25         7.      CONFIDENTIAL INFORMATION shall be designated and marked as follows:

26              a.      <u>Documents</u>:  Any document produced during discovery or otherwise
27  disclosed in this action, and any information contained therein, may be designated by the
28  producing party or non-party as CONFIDENTIAL INFORMATION by placing the

following legend, or equivalent thereof, on any such document prior to production, service or filing: "CONFIDENTIAL INFORMATION".  Such legend shall be placed upon the first page of the document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and upon each page within such document considered to contain CONFIDENTIAL INFORMATION.

b.  Magnetic or Optical Media Documents:  Where a document is produced in a magnetic medium (such as a floppy diskette or tape), an optical medium (such as a compact disc (CD) or digital versatile disc (DVD)), or other medium of data storage, the cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in Paragraph 8(a) above.  If the party receiving such media prints any information contained on the media, such printouts will be marked by the party receiving the media in the manner described in the preceding paragraph.

c.  Other Physical Exhibits:  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it as "CONFIDENTIAL INFORMATION OF [Designating Party(ies)]".

d.  Responses to Interrogatories/Requests for Admission:  In the case of information incorporated in answers to interrogatories or responses to request for admission, the appropriate legend shall be placed on each page of the answer or response.

e.  Deposition Proceedings:  Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL INFORMATION" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within five (5) business days after counsel's receipt of the transcript.  Until the expiration of the five (5) business day time period, all deposition transcripts will be treated by the parties as "CONFIDENTIAL" in their entirety.  Upon designation of the transcript on the record during the deposition, the party designating a portion of the transcript confidential shall be allowed to exclude all persons to whom access to CONFIDENTIAL INFORMATION has been denied under the terms of the Protective Order for the portion of the deposition that contains CONFIDENTIAL

INFORMATION. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition which has been stated to contain CONFIDENTIAL INFORMATION and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

Designations made within five (5) business days after receipt of the transcript of a deposition shall be made by sending written notice (by facsimile if possible) to the Court Reporter, to counsel for all parties to this action, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order and identify the parties and/or exhibits or the transcript so designated. All copies of transcripts thus designated shall be marked with a notice including the confidentiality of the material therein and shall be governed by the terms of this Protective Order.

8. Court Procedures: Each party agrees to use its best efforts to prevent the possible disclosure of the other party's CONFIDENTIAL INFORMATION by adopting the following procedures: (1) the filing party shall lodge with the Court but not file any exhibits that contain the other party's CONFIDENTIAL INFORMATION; and (2) to the extent that briefs and other papers that are required to be filed contain the other party's CONFIDENTIAL INFORMATION, the filing party, at the time of filing, shall ask the Court's permission to file such materials under seal. Should the other party believe that papers not filed under seal contain that party's CONFIDENTIAL INFORMATION and in good faith believe that the papers should be filed under seal to protect its interests, that party may move the Court by noticed motion or by ex parte application to seal the information.

## ACCESS TO CONFIDENTIAL INFORMATION AND
## HIGHLY CONFIDENTIAL INFORMATION

9. Access to CONFIDENTIAL INFORMATION shall be limited to those individuals identified in the following paragraphs and the Court, the jury, employees of the Court, court reporters who transcribe depositions in this case, and videographers who videotape depositions in this case.

10.     In the absence of written permission from the producing party or further order of the Court, CONFIDENTIAL INFORMATION shall not be disclosed to any person other than:

a.     parties to this litigation and the officers, directors, managers and employees of any party that is not a natural person;

b.     outside counsel for parties to this litigation, and persons working solely in secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this action, and persons working for outsourced copying services who assist in the copying of documents or materials;

c.     authors, creators, addressees, and recipients who prior to disclosure lawfully received or had access to the information;

d.     expert witnesses or consultants (with the exception of jury and graphics consultants who are dealt with in subsection (f) below), and the employees of such experts or consultants who are assisting them, retained by the receiving party or their respective attorneys in connection with this action after compliance with Paragraph 14 herein;

e.     employees, officers, managers or directors of the party who designated the information as CONFIDENTIAL INFORMATION; and

f.     jury consultants and consultants who assist in creating graphics, demonstratives, demonstrations, and animations and persons who are assisting those consultants in this action.

Prior to any permitted disclosure of CONFIDENTIAL INFORMATION to any persons identified under subsections (c), (d) and (f) of this paragraph, each such person shall be furnished with a copy of this Protective Order and shall execute a written statement under each, in the form attached as **Exhibit A**, acknowledging that such person is familiar with the provisions of this Protective Order and will abide by them.  For any person identified under subsection (c) of this paragraph, a copy of such acknowledgment must be served on the other party by facsimile, personal delivery, or overnight delivery before disclosure of CONFIDENTIAL INFORMATION to that person.  The original signed acknowledgement

shall be kept by the employing counsel.

11.    Documents produced by non-parties shall be treated as CONFIDENTIAL INFORMATION for a period of five (5) business days after they are produced during which either party may designate them CONFIDENTIAL.  After that time, these documents will be treated according to the designation made by either the producing non-party or the party.

**USE OF CONFIDENTIAL INFORMATION AND**

**HIGHLY CONFIDENTIAL INFORMATION**

12.    A party or non-party whose CONFIDENTIAL INFORMATION will be discussed or disclosed during a deposition has the right to exclude from the deposition room any persons to whom disclosure of CONFIDENTIAL INFORMATION is not authorized under this Protective Order, but only during such time as CONFIDENTIAL INFORMATION is being discussed or disclosed.

13.    All documents, materials, items, things, transcripts or information designated under this Protective Order as CONFIDENTIAL INFORMATION shall be kept and maintained by the receiving party in such a manner as to ensure that access thereto is limited to the persons properly having access thereto under the terms of this Protective Order.

14.    Nothing in this Protective Order shall limit either party or any other person in the use of its, his, or her own documents, things, and/or information for any purpose or from disclosing its, his, or her own CONFIDENTIAL INFORMATION to any other person or from introducing such documents, things, and/or information into evidence at any Court hearing or trial, subject to the applicable rules of evidence.

15.    All CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Protective Order shall be utilized by the receiving party solely and exclusively for this litigation and may not be used by the receiving party in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever. CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Protective Order shall not be used for or in connection with research, development, manufacture, sales or marketing of any product or service.

1

## DISPUTES AS TO DESIGNATION

2  16.  (a)  Each party and any non-party who has agreed in writing to be bound by
3  the terms of this Protective Order may designate at is sole discretion, items as either
4  CONFIDENTIAL INFORMATION.  A party to this Protective Order, who receives any
5  CONFIDENTIAL INFORMATION and disagrees with its designation as CONFIDENTIAL
6  INFORMATION, in full or in part, shall notify the producing party in writing.  After
7  notification, the parties shall meet and confer (telephonically or in person) as to the
8  designation and/or status of the subject information proffered within the context of this
9  Protective Order.  If the recipient and producing party are unable to concur upon the
10  designation and/or status of the subject information, any party to this Protective Order may
11  raise the issue of the designation or status to the Court. The information shall remain as
12  designated under the status given to it by the producing party unless and until the parties agree
13  to change the designation or the Court rules on the designation.  It shall be the burden of the
14  party challenging the designation to show that the designation by the producing party is
15  improper.

16  (b)  Nothing in this Protective Order shall constitute a waiver of the right of
17  any party to object at trial as to the authenticity, competency, relevance or admissibility of any
18  information or to the fact that any CONFIDENTIAL INFORMATION has been so designated.
19  Furthermore, nothing in this Protective Order shall constitute a waiver of any party's right to
20  file a motion *in limine* to preclude the trier of fact from being advised of such designation
21  during trial, nor shall this Protective Order, or actions taken pursuant to it, constitute an
22  admission that materials designated as either CONFIDENTIAL INFORMATION actually are
23  confidential or highly confidential.

24  ## SURVIVAL

25  17.  This Protective Order shall survive the termination of this action with respect to
26  any CONFIDENTIAL INFORMATION without time limits.

27  18.  Within sixty (60) days of termination of this litigation, all CONFIDENTIAL
28  INFORMATION of the other party shall be destroyed with certification of such destruction

provided to counsel for the producing party upon request, except that counsel for each party hereto may keep one copy of a complete set of pleadings, deposition transcripts and exhibits, trial exhibits entered into evidence, and attorney and consultant work product for its own records.  In the event such counsel decides to discard such documents, all such documents shall be destroyed prior to being discarded.  The Court shall retain jurisdiction over this Protective Order, the foregoing stipulation, adjudicating claims of breach, and administering damages and other remedies.

## INADVERTENT DISCLOSURE

19.    The inadvertent production of documents and/or things or the inadvertent failure to designate portions of any deposition transcripts with a "CONFIDENTIAL INFORMATION" designation will not constitute a waiver of confidentiality.  Any document or thing inadvertently produced without such designation shall, upon written request to the receiving party made within ten (10) calendar days of learning of the inadvertent production or failure to designate, be either returned to the producing party in order to affix a designation, or be affixed by the receiving party with the designation requested by the producing party.  The receiving party must treat such documents and things with the noticed level of protection from the date such notice is received.  Disclosure prior to the receipt of notice of the revised designation to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

20.    The inadvertent production by a party or a non-party of attorney-client privileged or work product documents (regardless of the form) will not constitute, and not be argued to constitute, a waiver of the privileged status of these documents or information.   Any inadvertently produced document or information subject to the attorney-client privilege or work product doctrine (including all copies of such privileged documents and attorney notes created from the privileged documents containing the substance of such privileged documents, or the like, in the possession of the receiving party) shall be returned to the producing party, or destroyed by the receiving party, upon written request to the receiving party which identifies the inadvertently disclosed document and is made within ten (10) calendar days of the

1  producing party learning of the inadvertent production of privileged material.

2      21.    If information designated pursuant to this Protective Order is disclosed to any

3  person other than in the manner authorized by this Protective Order, the party responsible for

4  this disclosure shall immediately bring all pertinent facts relating to such disclosure to the

5  attention of all interested parties, without prejudice to other rights and remedies of the

6  producing party, and shall use its best efforts to prevent further improper disclosure.

7                                         **MODIFICATION**

8      22.    The parties may by stipulation provide for exceptions to this Protective Order,

9  subject to the Court's approval, and any party may seek an order of this Court seeking relief

10 from or otherwise modifying or furthering this Protective Order upon good cause shown.

11     23.    All of the parties and their counsel of record undertake to abide by, and be bound

12 by, the provisions of this Protective Order and to use due care to see that its provisions are

13 known and adhered to by those under their supervision or control.

14     24.    Nothing in this Protective Order shall bar counsel from rendering advice to their

15 client with respect to this litigation and, in the course thereof, relying upon any

16 CONFIDENTIAL INFORMATION provided counsel does not disclose CONFIDENTIAL

17 INFORMATION in a manner not specifically authorized under this Protective Order.

18     25.    By entering this order and limiting the disclosure of information in this case, this

19 order shall not preclude another Court from finding that information may be subject to

20 disclosure in that case, notwithstanding the existence of this confidentiality order.  Any person

21 or party subject to this Order that may be subject to a motion to disclose another party's

22 information designated confidential pursuant to this Order shall promptly notify that party of

23 the motion so that it may have an opportunity to appear and be heard on whether that

24 information should be disclosed.

25     26.    If any party violates any of the provision of this Stipulation and Protective

26 Order, the Court may impose such sanctions (including, without limitation, monetary

27 sanctions, issue sanctions and/or terminating sanctions) against such party as it deems just and

28 appropriate.  If any attorney, agent or representative of any party willfully violates any of the

1   provisions of this Stipulation and Protective Order, the Court may impose such sanctions

2   against such person or entity as it deems just and appropriate.

3   **STIPULATION**

4         It is hereby stipulated that the foregoing stipulation and agreement of the parties

5   may be made and entered as a Protective Order by the Court.  It is further stipulated that the

6   parties will abide by this Protective Order from the date of execution of this Stipulation.  The

7   parties, through their undersigned counsel, respectfully request that the Court enter this

8   stipulation as an Order.

9

10  DATED:  June _____, 2009        **DE CASTRO & MORROW LLP**

11

12  _____

13  Arthur D. Morrow
    Attorney for Plaintiff
    Tim Fields

14

15  DATED:  June _____, 2009        **STRAUSS LAW GROUP, A P. C.**

16

17  _____

18  Bruce P. Crary
    Attorney for Defendants

19  Visual Concepts, LLC, Priscilla Becker and
    Cecelia Alemania

20

21

22  <u>**ORDER**</u>

23      The Protective Order Shall not apply to any document disclosing a violation of law or order of

    a court of competent jurisdiction.

24      IT IS SO ORDERED.

25

26      DATED: June 19, 2009        _____

27  Honorable Manuel L. Real
    United States District Court Judge

28

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Proposed Protective Order and Stip (00028956-2).DOC